**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 26-30272**

KEITH E. SONDERLING, Acting Secretary of Labor,
United States Department of Labor,
Plaintiff-Appellee,

v.

KELLY C. SILLS,
Defendant-Appellant,

and

COASTAL BRIDGE COMPANY, LLC and COASTAL BRIDGE LLC HEALTH PLAN,
Defendants.

U.S. COURT OF APPEALS
RECEIVED
JUL 30 2026
FIFTH CIRCUIT

On Appeal from the United States District Court
for the Middle District of Louisiana
Civil Action No. 3:23-cv-00041-SDD-SDJ

**BRIEF OF DEFENDANT-APPELLANT KELLY C. SILLS**

Kelly C. Sills
Pro Se Defendant-Appellant
6080 Chandler Drive
Baton Rouge, Louisiana 70808
Telephone: 225-766-0244
Email: sillsk@coastalbridge.com

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned pro se Defendant-Appellant certifies that the following listed persons and entities, as described in Fifth Circuit Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

Plaintiff-Appellee: Keith E. Sonderling, Acting Secretary of Labor; United States Department of Labor; Employee Benefits Security Administration.

Defendant-Appellant: Kelly C. Sills.

Other Defendants: Coastal Bridge Company, LLC; Coastal Bridge LLC Health Plan.

Judicial officers below: Chief Judge Shelly D. Dick and Magistrate Judge Scott D. Johnson, United States District Court for the Middle District of Louisiana.

Counsel appearing for Plaintiff-Appellee in the district-court record include Matthew P. Sallusti, Davis Rhorer, Jr., Sheryl L. Vieyra, John Rainwater, Ronald C. Gathe, Jr., Jonathan Berry, and Mary K. Cobb.

Known nonparties whose interests or conduct are material to the appeal include Blue Cross and Blue Shield of Louisiana, BXS Insurance/Cadence Insurance, Nationwide Mutual Insurance Company, Coastal Contractors, Inc., and Devon Overall, Jr. No publicly held corporation is known to own ten percent or more of any party to this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would aid the Court. This appeal concerns the interaction between Local Rule 56 deemed-admission practice and Federal Rule of Civil Procedure 56, the functional and transaction-specific definition of ERISA fiduciary status, and causation where the record identifies third-party plan administration and substantial surety rights over bonded work, receivables, and company records. The issues are record-intensive, and the judgment imposes both a substantial money award and a permanent ERISA fiduciary injunction on a pro se individual defendant.

## TABLE OF CONTENTS

Certificate of Interested Persons .................................................. 2
Statement Regarding Oral Argument .................................................. 3
Table of Contents .................................................. 3
Table of Authorities .................................................. 4
Jurisdictional Statement .................................................. 5
Issues Presented .................................................. 6
Statement of the Case .................................................. 7
Summary of the Argument .................................................. 14
Standard of Review .................................................. 16
Argument .................................................. 17
Conclusion .................................................. 27
Certificate of Service .................................................. 29
Certificate of Compliance .................................................. 29

## TABLE OF AUTHORITIES

Cases

American Federation of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Society, 841 F.2d 658 (5th Cir. 1988) ...................... 22
Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ...................... 16
D.L. Markham DDS, MSD, Inc. 401(k) Plan v. Variable Annuity Life Insurance Co., 88 F.4th 602 (5th Cir. 2023) ...................... 21
Eversley v. MBank Dallas, 843 F.2d 172 (5th Cir. 1988) ...................... 18
John v. State of Louisiana, 757 F.2d 698 (5th Cir. 1985) ...................... 17
Bailey v. KS Management Services, L.L.C., 35 F.4th 397 (5th Cir. 2022) ...................... 16, 19
Pegram v. Herdrich, 530 U.S. 211 (2000) ...................... 21

Smith v. Regional Transit Authority, 827 F.3d 412 (5th Cir. 2016) ...................... 16, 19
Tiblier v. Dlabal, 743 F.3d 1004 (5th Cir. 2014) ...................... 16, 21
Templet v. HydroChem Inc., 367 F.3d 473 (5th Cir. 2004) ...................... 17, 26

Statutes and Rules

28 U.S.C. § 1291 ...................... 5
28 U.S.C. § 1331 ...................... 5
29 U.S.C. § 1002(21)(A) ...................... 21
29 U.S.C. § 1109(a) ...................... 23
29 U.S.C. § 1132(e)(1) ...................... 5
Fed. R. App. P. 3 ...................... 5
Fed. R. App. P. 4(a)(1)(B) ...................... 5
Fed. R. Civ. P. 56 ...................... 6, 12-14, 16-20, 26-27
Fed. R. Civ. P. 56(d) ...................... 12-14, 16, 19-20, 27
Fed. R. Civ. P. 56(e) ...................... 17-18
Fed. R. Civ. P. 59(e) ...................... 5, 7, 13, 15, 17-18, 26-27

## JURISDICTIONAL STATEMENT

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), because the Secretary of Labor brought claims under ERISA. The district court signed final judgment against Defendant-Appellant Kelly C. Sills on March 31, 2026, and the judgment was entered on April 1, 2026 as Record Document 110. The judgment awarded $260,196.27 in damages, additional post-judgment interest, and permanent injunctive relief. ROA.3590.

Mr. Sills filed a Rule 59(e) motion to alter or amend the judgment on April 1, 2026. ROA.3591-3594. He filed a notice of appeal on May 1, 2026, appealing the final judgment, the March 12, 2026 summary-judgment order, damages, interest, remedial rulings, and prior interlocutory orders merging into the final judgment. ROA.3608-3610. After the district court denied reconsideration by text-only order on May 29, 2026, Mr. Sills filed a supplemental notice of appeal that same day. ROA.3611-3613. Because an officer or agency of the United States is a party, the appeal period was sixty days under Federal Rule of Appellate Procedure 4(a)(1)(B).

This Court has appellate jurisdiction under 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 3 and 4.

## ISSUES PRESENTED

1. Whether the district court erred by effectively granting summary judgment through Local Rule 56 deemed admissions without independently determining that the Secretary carried his Rule 56 burden and without drawing reasonable inferences in favor of Mr. Sills, where Mr. Sills had filed a substantive opposition and record materials raising disputed issues of fiduciary status, control, causation, and damages.

2. Whether the district court abused its discretion by denying or bypassing Rule 56(d) relief where Mr. Sills repeatedly requested deferral, attached third-party evidence bearing on control and causation, and the magistrate judge had acknowledged and deferred outstanding discovery disputes pending the summary-judgment ruling.
3. Whether the district court erred in holding, as a matter of law, that Mr. Sills was an ERISA fiduciary personally liable for unpaid health-plan invoices and denied claims, where the record contains evidence that plan operations and payments were handled by Human Resources, the CFO, insurance brokers, and BCBSLA, and that Mr. Sills did not exercise discretionary authority over plan assets, claims, or administration.
4. Whether summary judgment on causation and damages was improper where the record contains evidence that Nationwide, acting as surety and attorney-in-fact, defaulted and terminated bonded contracts, obtained assigned rights to contract proceeds and access to financial records, could take over or relet bonded work, and used Coastal Contractors as completion contractor, while BCBSLA suspended claims and later accepted a payment of $78,119.85.
5. Whether the district court abused its discretion in denying Rule 59(e) relief and leaving in place a money judgment and permanent injunction despite record evidence and legal issues showing manifest injustice.

## STATEMENT OF THE CASE

### A. Nature of the case and judgment.

The Secretary of Labor brought this ERISA enforcement case against Kelly C. Sills, Coastal Bridge Company, LLC, and the Coastal Bridge LLC Health Plan. The case concerns alleged unpaid health-care invoices, employee contributions, denied medical claims, and losses allegedly resulting from lapsed coverage. The

Secretary later stated that the case did not concern eligibility for benefits or interpretation of the Plan, but rather failure to pay health-care invoices and deduction of employee contributions allegedly not remitted to continue health coverage. ROA.997.

On March 12, 2026, the district court granted summary judgment in totality against Mr. Sills. ROA.3551-3561. On April 1, 2026, the court entered judgment against him for $260,196.27, including $209,466.34 in principal insurance losses and $50,729.93 in prejudgment interest as of March 12, 2026. The judgment also awarded post-judgment interest and permanently enjoined Mr. Sills from violating ERISA and from acting as a fiduciary to any ERISA-covered employee benefit plan. ROA.3590.

The same day, the court granted default judgment against Coastal Bridge and the Plan. The default order found that Coastal Bridge was an employer and plan sponsor and that the company had or exercised discretionary authority, control, and responsibility over plan management and administration and actual control over plan assets. It also made Coastal Bridge jointly and severally liable for the amounts contained in the proposed judgment against Mr. Sills. ROA.3587-3589. The default of the company and plan, however, did not eliminate the Secretary's burden to prove Mr. Sills's individual fiduciary status and causation as to Mr. Sills.

**B. Record evidence on plan administration and Mr. Sills's role.**

Mr. Sills consistently disputed that he was a functional ERISA fiduciary. In a January 27, 2025 filing, he stated that he did not exercise discretionary authority or control over the health plan, and that Coastal Bridge relied on BXS Insurance, the Human Resources Department led by Kelly Hernandez/Kelly Smith, the CFO, and Vice President Devon Overall to manage health-plan operations. ROA.924-

927. He stated that his role was limited to general oversight as company president, while claims, payments, and compliance functions were handled by others, including BCBSLA, Human Resources, and the CFO. ROA.925-927.

The Secretary's own filings confirm that the Administrative Services Agreement with BCBSLA was signed on April 26, 2019, by Kelly Smith, formerly Hernandez, in her capacity as Human Resource Director for Coastal Bridge. The Secretary also quoted the ASA definition of "Plan Administrator," which provided that the plan administrator is the person or entity designated under the plan instrument, and if none is designated, the plan sponsor is considered the administrator. ROA.997-998. This evidence is significant because the district court imposed personal liability on Mr. Sills without a trial on whether he personally exercised discretionary control over the particular conduct at issue.

Mr. Sills also submitted that BCBSLA processed payments through electronic funds transfer and that he had no direct involvement in payment decisions. He asserted that he first learned of plan issues in 2020, after the surety had already intervened in company finances. ROA.926-928. For summary-judgment purposes, that evidence and those reasonable inferences had to be viewed in his favor.

**C. Record evidence on Nationwide, financial control, and causation.**

The record contains evidence that, as the alleged losses were developing, Nationwide Mutual Insurance Company obtained substantial contractual rights and operational leverage over Coastal Bridge's bonded work, contract proceeds, project records, and financial information. On December 16, 2019, Nationwide, through Michael Carson, Director of Surety Claims and attorney-in-fact for Coastal Bridge, sent a letter advising DOTD that Coastal Bridge was financially unable to perform or complete multiple projects and was in default. The letter declared that Coastal

Bridge irrevocably and voluntarily abandoned and terminated the contracts effective immediately. ROA.2731-2732.

Coastal Bridge's counsel, Louis M. Phillips, wrote DOTD on December 26, 2019, explaining that Nationwide had sent the December 16 letter while Coastal and Nationwide were engaged in daily and lengthy discussions, and that Coastal had no knowledge that the letter existed or had been sent until after DOTD received it. ROA.2733-2734. That evidence supports a factual dispute about financial control and causation during the critical period.

The January 2020 Consent and Release Agreement gave Nationwide substantial contractual rights. It permitted the surety, in its sole and absolute option and discretion, to use letters of direction and default and to take over or relet bonded contracts. ROA.772. The Agreement required Coastal Bridge to provide access to electronic project records, emails, Viewpoint, Heavybid, Heavyjob, financial and banking records, and paper files including invoices, payments, receivables, and claims. ROA.772. It also confirmed assignment of contract rights and the right to receive monies due or to become due under bonded and completed contracts. ROA.774.

The Agreement further consented to Nationwide's use of Coastal Contractors, Inc. as a completion contractor and acknowledged that Coastal Contractors was owned by Devon Overall, Jr., a current or former Coastal Bridge employee. ROA.775. These facts support Mr. Sills's position that third-party conduct and surety rights over bonded work and proceeds created genuine disputes concerning causation and practical ability to pay.

**D. Record evidence on claims and damages.**

The damages evidence contained materially different figures. MSJ Exhibit Y included a "Denied Claims by Participant" list with a grand total of $172,351.35.

ROA.2727-2730. The judgment, however, identified $209,466.34 as principal insurance losses. ROA.3590. The record required an explanation tracing and reconciling those amounts before summary judgment could enter.

The record also included a February 28, 2020 BCBSLA letter stating that Coastal Bridge's agreement was terminated effective December 27, 2019, identifying total outstanding medical and prescription drug claims of $78,119.85 and administrative-services fees of $12,355.23, and stating that BCBSLA had suspended claim payments effective December 20, 2019. ROA.2752-2753. The record further included evidence of a $78,119.85 payment to Blue Cross/Blue Shield of Louisiana dated May 4, 2020. ROA.2754.

Those facts were central to causation, damages, mitigation, and the amount of any loss "resulting from" a breach. Yet the judgment imposed $260,196.27 and permanent injunctive relief without a trial or a stated reconciliation of the materially different record figures. ROA.3590.

**E. Rule 56(d) requests and unresolved discovery disputes.**

Mr. Sills sought Rule 56(d) relief more than once. His June 30, 2025 filing asked the court to defer or deny summary judgment under Rule 56(d), and the accompanying exhibits included BCBSLA delinquent-billing material, Nationwide's letter, and the December 26 letter from Coastal Bridge's counsel. ROA.3349-3357. On December 16, 2025, after a status conference concerning outstanding discovery disputes, the magistrate judge deferred ruling on discovery motions and stated that an expedited discovery schedule would be set if summary judgment were denied. ROA.3540. Mr. Sills then filed an Emergency Opposition, Rule 56(d) Motion to Defer, and objections to the Secretary's evidence, stating that essential facts remained unavailable despite diligence because third parties

controlled them. ROA.3541-3545. The Secretary opposed that request. ROA.3546-3550.

The district court granted summary judgment at ROA.3551-3561 and rejected Rule 56(d) relief because Mr. Sills had not supported the request with an affidavit or declaration. ROA.3556. The ruling thus entered judgment while the record itself reflected unresolved discovery disputes concerning evidence material to control, causation, and damages.

**F. Post-judgment proceedings and preservation.**

Mr. Sills moved to alter or amend the judgment under Rule 59(e). He argued that strict application of Local Rule 56 had produced manifest injustice by disregarding record evidence; that genuine disputes existed over discretionary authority, third-party control, and ability to direct premium payments; and that Nationwide's control created a causation dispute. ROA.3591-3594. The Secretary responded that liability had already been resolved and that Mr. Sills had presented no evidence warranting any change. ROA.3597-3599.

Mr. Sills then filed a notice of appeal and supplemental notice of appeal. His notices preserved issues including summary judgment, fiduciary status, plan-asset control, damages, interest, discovery and Rule 56(d), evidentiary objections, denial of reconsideration, and post-judgment enforcement or stay rulings. ROA.3608-3610; ROA.3611-3613.

## SUMMARY OF THE ARGUMENT

The judgment should be vacated and the case remanded. First, Local Rule 56 cannot substitute for Rule 56. Even when a nonmovant fails to file a perfect separate controverting statement, Rule 56 still requires the movant to show entitlement to judgment as a matter of law, and the court must consider whether the record contains genuine disputes. This Court has long held that a district court

cannot grant summary judgment merely because the nonmovant failed to respond or failed to comply with a local rule. Mr. Sills filed substantive opposition materials and the record contained evidence raising disputes about control, fiduciary status, causation, and damages. Summary judgment therefore required a Rule 56 analysis, not merely a procedural deemed-admission shortcut.

Second, the court should not have granted summary judgment before resolving Mr. Sills's Rule 56(d) request. He repeatedly requested deferral, attached third-party material bearing on the disputed issues, and stated that essential facts were unavailable despite diligence because third parties controlled them. The magistrate judge had also acknowledged outstanding discovery disputes and deferred ruling on them. At minimum, the court should have permitted a short cure of the affidavit defect or limited, targeted discovery before entering merits judgment.

Third, ERISA fiduciary status is functional, transaction-specific, and limited. A person is a fiduciary only to the extent he exercises discretionary authority or control over plan management, plan administration, or plan assets in connection with the challenged conduct. The record contained evidence that HR, the CFO, insurance brokers, and BCBSLA handled plan operations, claims, and payment processes. The Secretary's own filing showed the ASA was signed by the HR Director and identified Coastal Bridge Company, LLC—not Mr. Sills individually—as the plan sponsor. A company president is not automatically an ERISA fiduciary personally liable for every plan-related loss. The district court erred by resolving that fact-intensive question as a matter of law on this record.

Fourth, causation and damages were disputed. Nationwide's December 16, 2019 letter, the December 26, 2019 letter from Coastal's counsel, and the Consent and Release Agreement support a factual dispute about whether the surety's rights over projects, contract proceeds, records, and completion work caused or

contributed to Coastal Bridge's inability to pay. The BCBSLA records and denied-claims totals further show unresolved issues concerning which amounts were unpaid, later paid, overlapping, mitigated, or caused by conduct attributable to Mr. Sills personally.

Fifth, the district court should have granted Rule 59(e) relief because the judgment imposes substantial personal liability and permanent injunctive relief based on a record that contains disputed facts. At minimum, this Court should vacate the judgment and remand for proper Rule 56 analysis, further proceedings, or trial.

## STANDARD OF REVIEW

This Court reviews a grant of summary judgment de novo, applying the same Rule 56 standard as the district court and viewing the evidence and reasonable inferences in the nonmovant's favor. Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper only if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The denial of Rule 56(d) relief is reviewed for abuse of discretion. Bailey v. KS Management Services, L.L.C., 35 F.4th 397, 401 (5th Cir. 2022). Rule 56(d) protects a nonmovant who cannot yet present facts essential to oppose summary judgment. A request must identify specific discovery, explain how the expected facts would create a genuine issue, and show diligence; such motions are broadly favored and should be liberally granted when those requirements are met. Id. at 401-02; Smith v. Regional Transit Authority, 827 F.3d 412, 422-23 (5th Cir. 2016).

The denial of a Rule 59(e) motion is reviewed for abuse of discretion, while underlying questions of law are reviewed de novo. Rule 59(e) permits correction of manifest errors of law or fact but is an extraordinary remedy used sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 477-79 (5th Cir. 2004).

## ARGUMENT

### I. The district court could not grant summary judgment merely by deeming facts admitted under Local Rule 56.

Rule 56 imposes a substantive burden on the movant. A local rule may organize the record, but it cannot authorize judgment unless the Rule 56 materials show entitlement as a matter of law. Rule 56(e) confirms the distinction: when a party fails to properly address a fact, a court may consider the fact undisputed, but it may grant summary judgment only if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)-(3).

John v. State of Louisiana applies that principle to local-rule defaults. The Fifth Circuit held that a local rule cannot authorize summary judgment by default on a record containing evidence contrary to the movant's position, and the movant must still establish the absence of a genuine issue of material fact. 757 F.2d 698, 709-10 (5th Cir. 1985).

Mr. Sills's Rule 59(e) motion explained that the district court deemed the Secretary's statement of facts admitted because Mr. Sills did not file a separate opposing statement, even though he had filed substantive opposition material referencing record evidence, declarations, and documents. ROA.3591-3594. Treating the local-rule omission as dispositive without testing the motion against the whole cited record is the precise error Rule 56(e) and John forbid.

Eversley v. MBank Dallas does not save the judgment. Eversley allowed a district court to accept a movant's facts as undisputed under a local rule only after

the movant's own submissions made a prima facie showing of entitlement to judgment. 843 F.2d 172, 174 (5th Cir. 1988). It does not hold that deemed admissions overcome contrary record evidence or relieve the court of its Rule 56 duty. Here, material disputes remained concerning individual fiduciary status, causation, and damages.

The contrary evidence was not collateral. Mr. Sills specifically disputed that he exercised discretionary control over plan assets or claims, and identified HR, the CFO, BXS Insurance, BCBSLA, and other third parties as responsible for plan functions. ROA.924-927. The record showed that HR Director Kelly Smith/Hernandez signed the ASA with BCBSLA. ROA.997-998. The record also contained extensive evidence of surety control over company receivables, bonded contracts, records, and completion work. ROA.772, 774-775; ROA.2731-2734. A reasonable factfinder could conclude from this record that Mr. Sills did not exercise the discretionary control required for individual ERISA fiduciary liability, or that any alleged losses were caused by third-party conduct and company financial collapse rather than by his personal fiduciary breach.

Because the record contained material disputes, the judgment should be vacated and remanded for a proper Rule 56 analysis or trial.

**II. The court should not have granted summary judgment before resolving Mr. Sills's Rule 56(d) request.**

Rule 56(d) safeguards a nonmovant from a summary-judgment motion that he cannot adequately oppose without discovery. Bailey, 35 F.4th at 401. Relief requires a plausible showing that specified facts probably exist, are obtainable within a reasonable time, and would influence the summary-judgment outcome, together with diligence in pursuing them. Id. at 401-02; Smith, 827 F.3d at 422-23.

Mr. Sills made repeated, record-based requests. In June 2025 he sought deferral or denial under Rule 56(d) and filed exhibits consisting of BCBSLA delinquent-billing material, Nationwide's letter, and the Phillips letter to DOTD. ROA.3349-3357. In December, after the magistrate judge acknowledged outstanding discovery disputes and deferred ruling on them, ROA.3540, Mr. Sills again moved under Rule 56(d) and stated that essential facts remained unavailable despite diligence because third parties controlled them. ROA.3541-3545.

The requested subjects were material, not collateral. The Nationwide and banking evidence bore on who could direct bonded proceeds and disbursements during the relevant period. BCBSLA billing and payment records bore on when amounts were invoiced, when claims were suspended, what was later paid, and whether the claimed losses overlapped. Broker and HR evidence bore on who administered the Plan and what Mr. Sills personally knew or decided. Those facts directly affected functional fiduciary status, causation, and damages.

The district court denied relief because the December filing was not accompanied by an affidavit or declaration. ROA.3556. Rule 56(d) contains that procedural requirement, but the defect did not make the missing evidence irrelevant or prove the Secretary's case. Given the repeated requests, attached third-party exhibits, and acknowledged unresolved discovery disputes, the court should at least have permitted a short cure or limited targeted discovery before entering a merits judgment. Denying discovery and then treating the undeveloped record as conclusive was an abuse of discretion. The proper remedy is to vacate the judgment and remand for targeted discovery and renewed consideration under Rule 56.

**III. The record did not establish Mr. Sills's individual ERISA fiduciary status as a matter of law.**

ERISA fiduciary status is not a title-based rule. The statute provides that a person is a fiduciary "to the extent" he exercises discretionary authority or control over plan management, exercises authority or control over plan assets, renders investment advice, or has discretionary authority or responsibility in plan administration. 29 U.S.C. § 1002(21)(A). The words "to the extent" are critical. They make fiduciary status functional and limited to the conduct at issue.

The Supreme Court and this Court treat ERISA fiduciary status as a context-specific inquiry. The threshold question is whether the defendant was performing a fiduciary function when taking the action challenged. Pegram v. Herdrich, 530 U.S. 211, 225-26 (2000). In D.L. Markham DDS, MSD, Inc. 401(k) Plan v. Variable Annuity Life Insurance Co., the Fifth Circuit reiterated that fiduciary duty arises only to the extent a person acts in an administrative, managerial, or advisory capacity to the plan. 88 F.4th 602, 608 (5th Cir. 2023). And Tiblier v. Dlabal requires proof that the person acted as a fiduciary with respect to the specific transaction complained of. 743 F.3d 1004, 1008-09 (5th Cir. 2014).

The Secretary's theory required proof that Mr. Sills personally exercised discretionary authority or control over the specific plan assets, payment decisions, or administrative functions that caused the alleged loss. The record did not establish that fact as a matter of law. Mr. Sills's record position was that plan operations, including payments, were handled by HR, the CFO, BXS Insurance, and BCBSLA; that he did not manage plan assets; and that he did not make claims decisions. ROA.924-927.

The Secretary's own filing supports at least a factual dispute. It stated that Kelly Smith/Hernandez, in her capacity as Human Resource Director, signed the ASA with BCBSLA, and it identified Coastal Bridge Company, LLC as the Plan

Sponsor. ROA.997-998. If the operative agreement named the company as Plan Sponsor, was signed by the HR Director, and plan operations were handled by HR, the CFO, brokers, and BCBSLA, a reasonable factfinder could conclude that Mr. Sills did not personally exercise the transaction-specific discretion required for individual fiduciary status.

To the extent the judgment rests on Mr. Sills's title as company president, his ownership relationship, or the company's default, it applies the wrong legal test. American Federation of Unions Local 102 Health & Welfare Fund v. Equitable Life Assurance Society illustrates the required functional inquiry: fiduciary status followed from actual discretion over claims and administrative functions. 841 F.2d 658, 662-63 (5th Cir. 1988). The record here contains evidence that the relevant functions were performed by others. At minimum, that conflict precluded summary judgment.

**IV. Genuine disputes existed over causation and responsibility for the alleged losses.**

ERISA § 409(a), 29 U.S.C. § 1109(a), imposes liability on a fiduciary for losses "resulting from" a fiduciary breach. That causal language matters. Even if the Secretary could prove that Mr. Sills was a fiduciary for some purpose, the Secretary still had to prove that the specific losses awarded resulted from his fiduciary breach. The record contains evidence from which a reasonable factfinder could find otherwise.

Nationwide's December 16, 2019 letter is central. It declared Coastal Bridge financially unable to perform or complete DOTD projects, in default, and stated that Coastal Bridge irrevocably and voluntarily abandoned and terminated the contracts effective immediately. ROA.2731-2732. Coastal's counsel later wrote that Nationwide sent that letter while Coastal and Nationwide were in daily,

lengthy discussions, and that Coastal had no knowledge the letter existed or had been sent until after DOTD received it. ROA.2733-2734. That evidence bears directly on who controlled the company's access to bonded work and proceeds during the period when the alleged health-plan losses arose.

The Consent and Release Agreement reinforces that dispute. It allowed Nationwide to use letters of direction and default in its sole discretion and to take over or relet bonded contracts. ROA.772. It required Coastal Bridge to provide access to project records, electronically stored information, emails, Viewpoint, Heavybid, Heavyjob, financial and banking records, paper files, invoices, payments, receivables, and claims. ROA.772. It confirmed assignment of rights to receive monies due or to become due under bonded and completed contracts. ROA.774. It also allowed the surety to use Coastal Contractors, Inc., owned by Devon Overall, Jr., as completion contractor. ROA.775.

The Secretary may argue that Nationwide did not process BCBSLA claims. That does not resolve the relevant causation question. The issue is whether Nationwide's contractual rights over bonded work, assigned proceeds, records, and completion decisions created or contributed to Coastal Bridge's inability to pay plan invoices or claims. The record supports a genuine dispute on that issue.

Nor can the court assume that unpaid claims automatically equal losses caused by Mr. Sills. BCBSLA suspended payment of claims effective December 20, 2019 and later identified $78,119.85 in outstanding medical and prescription drug claims, plus administrative fees. ROA.2752-2753. The record included a $78,119.85 payment to Blue Cross/Blue Shield of Louisiana dated May 4, 2020. ROA.2754. Those facts bear on causation, mitigation, and damages, and a factfinder should resolve them.

**V. The damages award and permanent injunction cannot stand on this record.**

The judgment awarded $260,196.27, including $209,466.34 in principal insurance losses and $50,729.93 in prejudgment interest, plus post-judgment interest and a permanent ERISA fiduciary injunction. ROA.3590. That remedy is severe. The record, however, shows unresolved factual and legal questions about the amount of loss, whether claimed losses were paid or mitigated, and whether any loss resulted from Mr. Sills's personal fiduciary breach.

The record did not present one self-explanatory damages figure. Instead, it contained the following materially different amounts and a later payment:

| Record item | Amount | Record citation |
|---|---|---|
| Judgment: principal insurance losses | $209,466.34 | ROA.3590 |
| MSJ Exhibit Y: Denied Claims by Participant total | $172,351.35 | ROA.2727-2730 |
| BCBSLA outstanding medical and prescription claims | $78,119.85 | ROA.2752-2753 |
| BCBSLA administrative-services fees | $12,355.23 | ROA.2752-2753 |
| Payment to Blue Cross/Blue Shield of Louisiana dated May 4, 2020 | $78,119.85 | ROA.2754 |

The table does not by itself establish the correct ultimate amount. It shows that the record required a transparent tracing of the judgment principal, an explanation of whether the figures overlap, and consideration of the later payment. Without that reconciliation, the Secretary did not establish one undisputed principal-loss figure as a matter of law.

The permanent injunction likewise cannot stand if the underlying fiduciary-status and breach rulings fall. It bars Mr. Sills from acting as fiduciary to any ERISA-covered employee benefit plan. ROA.3590. Such sweeping equitable relief requires a legally sound, transaction-specific, and factually supported finding of fiduciary breach. Because the summary-judgment record did not establish those

elements as a matter of law, the injunction should be vacated with the money judgment.

**VI. The denial of Rule 59(e) relief should be reversed because the judgment produced manifest injustice.**

Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact or considering newly discovered evidence. Templet, 367 F.3d at 479. Mr. Sills's motion identified an alleged manifest legal and factual error: strict application of Local Rule 56 despite cited record evidence raising disputes over discretionary authority, third-party control, causation, and ability to direct payments. ROA.3591-3594.

The Secretary's response did not eliminate the problem. The Secretary largely incorporated earlier filings and asserted that Mr. Sills had presented no evidence and no meritorious argument. ROA.3597-3599. But the record materials described above are evidence. They include the HR Director's ASA role, the Nationwide default letter, Coastal counsel's December 26 letter, the Consent and Release Agreement, the assignment of contract proceeds and access to financial records, the Coastal Contractors completion-contractor provision, BCBSLA's suspension and outstanding-claims letter, and the later $78,119.85 payment.

Leaving a $260,196.27 personal judgment and permanent fiduciary injunction in place without addressing those record conflicts preserved the underlying Rule 56 error. At minimum, the district court should have reopened the judgment for a merits review of the cited record. This Court should reverse the denial of Rule 59(e) relief or vacate the judgment and remand.

## CONCLUSION

For the foregoing reasons, Defendant-Appellant Kelly C. Sills respectfully requests that this Court reverse the grant of summary judgment, vacate the final

judgment, damages and interest award, permanent injunction, and denial of reconsideration, and remand for targeted Rule 56(d) discovery and further proceedings under the correct Rule 56 and ERISA standards. In the alternative, the Court should vacate the damages and injunctive relief and remand for an evidentiary hearing and a supported calculation of any proven loss.

Respectfully submitted,

7/30/26

Kelly C. Sills
Pro Se Defendant-Appellant
6080 Chandler Drive
Baton Rouge, Louisiana 70808
Telephone: 225-766-0244
Email: sillsk@coastalbridge.com

## CERTIFICATE OF SERVICE

I certify that on July 29, 2026, I served a true and correct copy of this brief by first-class U.S. Mail, postage prepaid, on: (1) Matthew P. Sallusti, U.S. Department of Labor, Office of the Solicitor, 525 S. Griffin Street, Suite 501, Dallas, Texas 75202; and (2) Davis Rhorer, Jr., Assistant United States Attorney, 777 Florida Street, Suite 208, Baton Rouge, Louisiana 70801. I also submitted the original brief to the Clerk of the United States Court of Appeals for the Fifth Circuit.

Kelly C. Sills
Pro Se Defendant-Appellant
7/30/26

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 4,605 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6) because it uses a proportionally spaced typeface, 14-point Times New Roman.

Kelly C. Sills
Pro Se Defendant-Appellant
7/20/26